UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QAMARA RASUL,

    Plaintiff,

                                                                                                 Case No. 08-15134
v.                                                                        Hon. Lawrence P. Zatkoff

AMERICAN LENDING,

    Defendant.
                                       /

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

### I. INTRODUCTION

Plaintiff submitted her complaint and application to proceed *in forma pauperis* [dkts 1 & 2] on December 12, 2008. Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's complaint for failure to state a claim upon which this Court can grant relief.

### II. ANALYSIS

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of

fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's request to proceed without prepayment of fees.

**B. Dismissal for Failure to State a Claim**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). While leave to amend pleadings is generally to be liberally given, *see Forman v. Davis*, 371 U.S. 178 (1962); Fed R. Civ. P. 15(a), this is not true when the Court reviews a complaint under § 1915(e). *See Hawkins v. Morse*, 194 F.3d 1312, at *1 (6th Cir. 1999) (table opinion) ("The Court is not required to allow a plaintiff to amend his complaint in order to avoid a *sua sponte* dismissal."); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the United States Supreme Court recently clarified the standard of pleading necessary to survive a motion to dismiss. "Factual allegations must be enough to raise a right to relief beyond the speculative level" and "more than labels and conclusions" are required in order for a pleading to avoid dismissal. *Id.* at 1965. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

The Court finds that Plaintiff has failed to state a claim upon which this Court can grant relief. Plaintiff's complaint consists of a narrative depicting the repossession of her car, followed by several paragraphs citing statutes and demanding relief. Many of Plaintiff's claims, such as illegal repossession, violations of the Uniform Commercial Code, theft, and breach of the peace are state-law claims over which this Court enjoys no independent jurisdiction. Plaintiff cites the Trading With the Enemy Act (TWEA), 12 U.S.C. § 95a, which constitutes a grant of executive power. The Court cannot conceive how TWEA relates to this case. Likewise, the citations to the Ninth Amendment of the United States Constitution and "secret Maritime Liens" are equally perplexing. Plaintiff's complaint refers to the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, in the following statement:

> The so called contract is subject to recoupment and claim under UCC-305 [sic] and 3-306 due to fraud and unscienability [sic] UCC 2-302 and rescind the contract with the debtor 9-102 (28) (b), so called lender, American Lending under the Truth and [sic] Lending Act 223.26 due to the lack of disclosure.

Plaintiff does not specify what conduct of Defendant violated TILA, nor what information Defendant was legally obligated to provide yet failed to disclose. Her factual paragraphs solely concern the repossession of the car, with no mention of the terms of the financing agreement. Finally, to the extent that Plaintiff alleges fraud in connection with TILA, Plaintiff did not state "with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b).

Plaintiff's claims are conclusory and do not establish federal jurisdiction. Thus, Plaintiff's averments fail to meet the *Twombly* standard and must be dismissed pursuant to § 1915(e).

### III. CONCLUSION

For the above reasons, the Court finds that Plaintiff's complaint as filed does not state a claim upon which relief can be granted. Accordingly, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

                                                  s/Bernard A. Friedman
                                                  Bernard A. Friedman
                                                  U.S. District Judge
                                                  In the absence of
                                                  Lawrence P. Zatkoff
                                                  U.S. District Judge

Dated: January 15, 2009